IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE MACK | : | |
| Plaintiff, | : | Case No. 2:06-cv-102 |
| v. | : | Judge Marbley |
| REGINALD WILKINSON, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**Order**

Plaintiff Eddie Mack, an inmate at the Chillicothe Correctional Institution ("CCI"), brings this action alleging that defendants subjected him to cruel and unusual punishment when they caused him to experience the residual effects of another inmate being struck by lightening and denied him adequate medical treatment for his injuries.  This matter is before the Court on petitioner Eddie Mack's objections to Magistrate Judge Abel's June 21, 2006 Report and Recommendation that defendants' March 30, 2006 motion to dismiss this case in its entirety because Mack failed to exhaust his administrative remedies as to all claims and all defendants as required by 42 U.S.C. § 1997e(a) be granted.

Although plaintiff argues that he has exhausted his prison administrative remedies for all claims and all defendants, the Report and Recommendation demonstrates that he has not.  The complaint names as defendants: Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction; Timothy Brunson, Warden of CCI; Scott Tomlinson, Recreational Employee of CCI; Dr. James McWeeney, Medical Doctor at CCI; and John Doe correctional employees.  The uncontroverted affidavit of Chief Inspector Linda establishes that Mack has

1

completely exhausted his prison administrative remedies as to his claims against defendants Tomlinson and Dr. James McWeeney, but that he has not appealed any grievances to the Chief Inspector's office naming defendants Wilkinson, Brunson, or John Doe. Plaintiff argues that he has no effective remedy against defendant Wilkinson because he is the Director of the Department of Rehabilitation and Correction or against defendant Brunsman because he is the Warden of the Chillicothe Correctional Institution. However, O.A.C. § 5120-9-31(B), which lists matters that are not grievable, does not exclude grievances against the Director of the Department or against a warden. Further, O.A.C. § 5120-9-31(L) provides that grievances against a warden must be filed directly with the Chief Inspector's office. He also argues that Chief Inspector Linda Coval is one of the Doe defendants. However, Coval is not named in any of plaintiff's grievances. Because no grievance identifies her as a person who deprived plaintiff Mack of a constitutional right, he has not exhausted his prison administrative remedies as to Chief Inspector Linda Coval. *See, Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006).

The question presented is whether, as the Magistrate Judge found, the Court is required by § 1997e(a) to dismiss the entire complaint when a prisoner has exhausted his prison administrative remedies as to some claims and some defendants, but has not exhausted those remedies as to all claims and all defendants. In the Sixth Circuit, *Hartsfield v. Vidor*, 199 F.3d 305, 307-09 (6th Cir. 1999) and *Burton v. Jones*, 321 F.3d 569, 574 at n2 (6th Cir. 2002) stand for the proposition that when a prisoner has not exhausted his prison administrative remedies for all claims and all defendants, the court should dismiss the unexhausted claims without prejudice and proceed to consider the merits of the exhausted claims. After *Hatrsfield* and *Burton* were decided, panels of the sixth Circuit held in *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir.

2005) and *Rinard v. Luoma*, 440 F.3d 361, 362 (6th Cir. 2006) that when a prisoner has not exhausted his prison administrative remedies for all claims and all defendants, the Court must dismiss the entire complaint without prejudice. Although after *Jones Bey* there is a split in authority in the Sixth Circuit, this Court concludes that the majority in *Spencer v. Bouchard*, 449 F.3d at 726 (6th Cir. 2006) correctly found "that the partial-exhaustion rule [of *Hartsfield* and *Burton*] is the law of this circuit," not *Jones Bey*'s total exhaustion rule. *Hatrsfield* and *Burton* were decided first, and the later decisions in *Jones Bey* and *Rinard* do not have the effect of overriding them. *See, United States v. Smith*, 419 F.3d 521, 532 (6th Cir. 2005); *Salmi v. Sec'y of Health & Human Servss.*, 774 F.2d 685, 689 (6th Cir. 1985).

Accordingly, petitioner's objections to the Report and Recommendation are SUSTAINED. Defendants' March 30, 2006 motion to dismiss on the ground that plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) (doc. 7) is GRANTED as to defendants Reginald Wilkinson, Timothy Brunson, and John Doe, who are DISMISSED without prejudice. This suit continues as to plaintiff's claims against defendants Scott Tomlinson and Dr. James McWeeney.

                                           s/Algenon L. Marbley
                                           Algenon L. Marbley, Judge
                                           United States District Court